UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVCO INSURANCE COMPANY,

               Plaintiff,

      -vs-

GREE U.S.A., INC. et al.,

               Defendants.

DECISION AND ORDER

22-CV-6157-MJP-FPG

## INTRODUCTION

**Pedersen, M. J.** Before the Court is Plaintiff's motion for sanctions and to compel against Defendants (ECF No. 30), and Defendants' motion for a protective order (ECF No. 41). For the reasons stated below, the Court grants Plaintiff's motion to compel and for sanctions. Further, the Court denies Defendants' motion for a protective order.

## BACKGROUND

On September 30, 2022, Plaintiff filed a motion to compel and for sanctions against Defendants alleging that Defendants willfully failed to produce responses to Plaintiff's July 1, 2022, requests for admission, requestions for production and interrogatories. Defendants timely requested a 30-day extension. (Pl.'s Mem at 1, ECF No. 31.) Plaintiff cites to numerous communications with Defendants' counsel to try pin down issue prevented the discovery from being completed. (*Id.* at 2–3.) In one email, defense counsel stated, "My understanding is that there have been employees under quarantine who have just come out of quarantine who will review the responses. I want to ensure they have sufficient time to properly review

1

everything." (Email from Brian Sears to Catherine Dowie (Jul. 27, 2022, 2:43 PM),

Dowie Decl. Ex. G at 7, ECF No. 32-7.) Plaintiff responded with the following:

> I'd need more information than that to consider an extension–certainly
> one that lengthy. If the only person capable of attesting to the discovery
> on your end, or some significant percentage of the legal department, was
> actually sick and therefore unable to work, I'd of course be willing to
> work something out. But if you're just telling me that some employee(s)
> had to quarantine following travel or something, that shouldn't impact
> their ability to honor basic litigation obligations.

> Unfortunately your clients have an extensive and well-documented
> history of using COVID as an excuse when they find something
> inconvenient, or consider it to be a low priority, and misrepresenting
> quarantine obligations in particular. Accordingly, I have to ask for
> specifics when they make these kinds of requests, otherwise the
> litigation becomes unmanageable, and never moves towards resolution.
> Who is in quarantine? Why? Was it unplanned or unexpected? Why
> couldn't this routine task be reassigned? If it[']s an isolation that isn't
> associated with a personal illness, at this stage of the pandemic, how
> would [sic] impact their ability to review discovery requests?
> Presumably you e-mailed the relevant documents to them for review,
> and they could access those materials from anywhere. Have they told
> you that there are specific documents that they intend to produce but
> that someone physically in the office has to pull?

> Please also remember that we have to complete discovery by early
> September, and I need to account for time to handle any potential
> disputes or objections. I also need to set depositions with reasonable
> notice, and its not reasonable for your clients – who have refused thus
> far to provide available dates for those depositions or even meet their
> initial disclosure obligations – to also withhold written discovery as I
> need to set topics and otherwise prepare.

(Email from Catherine Dowie to Brian Sears (Jul. 27, 2022, 3:57 PM), Dowie Decl.

Ex. G at 5, ECF No 32-7.) Plaintiff attests that Defendant elected to call Plaintiff:

> Rather than offering any written response for which the Defense could
> be easily held accountable, Defense counsel requested a call. During the
> call, the only concrete information counsel was able to offer was that he
> had "heard" that the representative that "usually" signed off on
> discovery for Gree USA had "recently" been released from quarantine.

(Pl.'s Mem. of Law at 2, ECF No. 31 (*citing* Dowie Decl. ¶ 3, ECF No. 32).) Plaintiff agreed to move the deadlines for discovery to August 15, 2022. On Thursday, August 11, two business days before the new deadline, Defendants contacted Plaintiff requesting that Plaintiff consent to entry of a protective order.

Defendants want a protective order that would permit them to mark as confidential any document that they considered "proprietary." (Email from Brian Sears to Catherine Dowie (Aug. 11, 2022, 11:33 AM), Dowie Decl., Ex. G at 2, ECF No 32-7.) Plaintiff contends that during their communications, defense counsel did not provide any basis for a protective order. (Email from Catherine Dowie to Brian Sears, Dowie Decl. Ex. G at 1, ECF No. 32-7 ("I can't agree to carte blanch for your clients to determine what they think is "proprietary" enough to be designated confidential. Again, if there's a specific group of documents, they intend to produce today that you're concerned about, I'm happy to discuss a narrow stipulation, but I need to know with some reasonable specificity what documents those are.").) Further, Plaintiff's counsel objected to the timing of defense counsel's request:

> You have yet to provide a description of a single document your clients anticipate providing that you believe would properly be designated as confidential, despite the fact that I have repeatedly asked for one, and expressed multiple times that I would work with you on a stipulation if you would explain what you were concerned about. You are proposing language (broad language) for the first time at 630 on the night your discovery is due, after only raising the issue of a protective order at all last Thursday, after I had agreed to an extension that your client refused to provide any specific justification for.
>
> As you have repeatedly refused to identify any document that would properly fall under the scope of a protective order, I am forced to assume that none exist, and that this request is only being made for the purpose of improper delay.

(Email from Catherine Dowie to Brian Sears (Aug. 15, 2022, 7:15 PM), Dowie Decl. Ex. H at 1, ECF No 32-8.) Plaintiff contends counsel never responded, never asked for additional time to respond and, critically, never even asked the Court to issue a protective order. Nineteen days later, Defendants filed a motion for a protective order. (Motion for Protective Order, ECF No. 41.)

No discovery was produced on August 15th. On the 16th, Plaintiff's counsel notified the Court of the outstanding dispute. (Letter from Catherine Dowie to the Court (Aug. 16, 2022), Dowie Decl. Ex. E, ECF No. 32-5.)

Plaintiff alleges that Defendants provided limited responses to Plaintiff, specifically to Plaintiff's Requests for Production. (Pl's Mem at 5, ECF No 31.) Specifically, Plaintiff states Defendants produced user manuals for various dehumidifiers, a list of dehumidifier claims Defendants' counsel is currently defending, a few contracts related to the establishment or dissolution of the Defendants, and a sampling of correspondence from 2012–2013 touching on Defendants' investigation into the initial defect reports and decision as to when to report the defects. (*Id.*)

Plaintiff claims that "it appears none of these documents were sought out and identified by the Defendants, but instead were scrapped together by Defendants' counsel in an attempt to mask the Defendants' non-involvement." (Mem. of Law at 5, ECF No. 31.) Following the August 23 discovery conference, Defendants provided availability to sit for depositions during the month of October. (Email from Richard Schuster to Brian Sears and Catherine Dowie (Sep. 1, 2022, at 9:17 AM), Schuster

Decl. ¶2, Ex. A at 1, ECF No 48-1.) On September 1, Plaintiff's counsel notified Defense counsel of the dates the four depositions would be noticed to go forward, explaining that formal notices would go out once some ongoing disputes between the parties over deposition topics were resolved. (Schuster Decl. ¶2, Ex. A, ECF No 48-1.) The parties were able to amicably resolve those issues.

The deposition of defendant company MJC was formally noticed on September 13 for October 5, and the depositions of the Gree Defendants were formally noticed on September 19 for October 18, 20, and 25. (Deposition Notices, Schuster Dec. ¶3, Ex. B, ECF No 48-2.) Accordingly, the Gree Defendants had seven weeks of informal notice of the specific dates on which each would be deposed, and four weeks formal notice, even ignoring that they had been asked repeatedly since June 21 for deposition availability. Further, the depositions were noticed for dates they indicated, in writing, they could be made available.

Simon Chu, who appeared on behalf of MJC, was deposed. Simon Chu, who is personally in the midst of a criminal prosecution related to the dehumidifiers at the center of this litigation, appeared on behalf of MJC. Due to his pending criminal case, he was unable to testify substantively on behalf of the company on any number of properly noticed (and unobjected to) topics, and instead asserted his rights under the Fifth Amendment. Mr. Chu did answer some questions, including about discovery in this matter. Specifically, Mr. Chu explained that the first MJC had seen anything related to discovery in this matter was the day before the deposition (October 4), when he received the deposition notice along with the responses to the Interrogatories that

5

had been properly served on counsel for MJC back on July 1. (Schuster Dec., ¶4, Ex. C at 15–19, 135–137 ECF No 48-3.) Plaintiff states that Defendants had originally requested and secured an extension to written discovery by explaining that he was waiting on signatures from his clients.

Mr. Chu explained that MJC does not agree with the responses that were provided on the company's behalf, particularly the reliance on Gree's Joint Statement of Facts, which is a part of a Gree plea and deferred prosecution agreement entered into by the Gree companies for federal criminal charges dealing with their cover-up of dehumidifier defects. (Chu Dep. at 22–24, Schuster Dec. ¶4, Ex. C, ECF No 48-3.)

Plaintiff claims that Chu testified that MJC does not know who made such answers on its behalf, and that MJC does not agree with those answers. (Chu Dep. 134:6–9, Schuster Dec. ¶4, Ex. C, ECF No 48-3.) Plaintiff further attests that no one contacted MJC to assist with crafting responses on its behalf. (*Id*. at 131:9–137:6.)

Plaintiff claims no supplemental discovery responses have been served on it by MJC as of this writing. Plaintiff claims that it did not receive the previously promised "executed verifications" that Defense counsel advised should have accompanied written discovery. (Dowie Decl. ¶ 10, ECF No. 32.)

On Friday, October 14, Defense counsel contacted Plaintiff's counsel to advise that the depositions of the Gree Defendants which were set at their request for October 18, 20, and 25 would not go forward. (Schuster Decl. ¶5, ECF No 48.) In his declaration, Mr. Schuster stated that the witnesses to be deposed needed to travel out of mainland China, and needed permission to do so through a written application

"that has a processing time of up to two weeks in the normal course." (Schuster Decl. ¶ 8.)

The Court held another conference on October 24, 2022, to discuss Defendants' motion for a protective order and to discuss outstanding issues. (Minute Entry and Text Order, ECF No. 46.) At the conference, defense counsel was still unable to articulate any particulars regarding who Defendants had intended to put forth for a 30(b)(6) deposition, nor any specific reason for their last-minute non-appearance. Defense counsel advised that he believed a form was needed for the witnesses to travel to Macau, and that the forms had either not been submitted or processed timely. Defense counsel has not provided Plaintiff's counsel, as of this writing, with any information regarding what steps, if any, Defendants took to attempt to meet the travel requirements in time to appear for the late October depositions.

## STANDARD OF LAW

"A party must answer or object to interrogatories and production requests within thirty days after being served. [Fed. R. Civ. P.] 33(b)(3), 34(b). Untimely objections are waived unless the party's failure to object is excused by the court for good cause shown." *Diegert v. Receivables Performance Mgmt., LLC*, No. 14-CV-01058-LJV-JJM, 2017 WL 370808, at *4 (W.D.N.Y. Jan. 26, 2017) (quoting *Spencer v. Kenny*, No. 3:11cv50(RNC), 2015 WL 6958009, *1 (D. Conn. 2015)). Similarly, Rule 36 regarding requests for admissions is precise: a "matter is admitted" if a timely response is not made. Fed. R. Civ. P. 36(a)(3). Good cause may excuse forfeiture of objections as to interrogatories, and there are circumstances under which a party may be permitted to *withdraw* an admission once made. The burden is on the objecting or

admitting party, Defendants here, to seek and then justify such relief from the Court by following federal and local rules.

In evaluating a sanctions motion, "[t]he choice of sanction should be guided by the concept of proportionality between offense and sanction." *Diegert v. Receivables Performance Mgmt., LLC*, No. 14-CV-1058-LJV-JJM, 2017 WL 370808, at *4 (W.D.N.Y. Jan. 26, 2017) (quoting *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)).

Courts have identified relevant considerations to assist in deciding whether discovery abuse warrants the entry of judgment, including: "(a) willfulness or bad faith of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions. . . ." *In re Sumitomo Copper Litig.*, 204 F.R.D. 58, 60 (S.D.N.Y.2001) (quoting *Yucyco, Ltd. v. Ljubljanska Banka*, No. 96 Civ. 4274, 2001 WL 699135, at *4 (S.D.N.Y. June 20, 2001)); *American Cash Card Corp. v. AT & T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y.1999), *aff'd mem.*, 210 F.3d 354 (2d Cir.2000). In addition, a court may consider the "need to deter discovery abuse and efficiently control dockets." *In re Sumitomo*, 204 F.R.D. at 60. *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 212 F.R.D. 178, 220 (S.D.N.Y. 2003), *adhered to on reconsideration*, 00 CIV. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004).

## DISCUSSION

Plaintiff asks the Court to issue a ruling stating that the Defendants have forfeited any objections to the July 1, 2022, discovery requests, and that they not be

permitted to withdraw the admissions that they made by operation of Fed. R. Civ. P. 36(a)(3) when they failed to issue responses by August 15, 2022. Plaintiff also asks the Court to consider harsher sanctions considering the willfulness of Defendants' conduct, as the Court deems appropriate. Plaintiff also asks for fees and costs associated with the resolution of this dispute. (Notice of Mot. at 1, ECF No. 21.)

As articulated above, Defendants have been non-compliant with discovery. Consequently, a sanction is appropriate under Fed. R. Civ. P. 37. At a minimum, Defendants have forfeited any objections to the July 1, 2022, discovery requests and have not met their burden to show that they should be permitted to withdraw the admissions.

Keeping in mind the considerations in *Sumitomo*, (a) willfulness or bad faith of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions, the Court believes that awarding costs to Plaintiff is also an appropriate sanction.

### *Willfulness and History of Noncompliance*

As discussed at length above, Defendants have repeatedly missed deadlines, from interrogatories to deposition deadlines. From the documents provided by the parties, the dockets from previous Gree cases, as well as the numerous case management conferences, Defendants are habitually non-compliant with discovery

obligations.[1] Much as in those cases, Defendants have not complied with discovery demands here.

### *Warnings and Effectiveness of Lesser Sanctions*

Defendants are on notice through numerous other cases as well as conferences in this case that non-compliance with discovery could lead to sanctions. Furthermore, the "need to deter discovery abuse and efficiently control dockets," is paramount here. *In re Sumitomo*, 204 F.R.D. at 60. If the sanctions imposed in this order prove to be ineffective at stemming Defendants' misconduct, the only effective remedy left will be striking Defendants' answer.

---

[1] *See, State Farm Fire & Casualty Company v. Gree USA, Inc.*, 3:18-cv-00225, (W.D. WI), ECF Nos. 20, 23, 25, 26 (Court refused an unjustified delay to purportedly seriously consider settlement before warning of potential sanctions: "[The Court] is not going to vary its practice in a case where the defendant has for months avoided and evaded its discovery responsibilities in violation of the June 22, 2018 Preliminary Pretrial Conference Order, *see* [ECF No] 15 at 1. Defendant's November 28, 2018 letter can be viewed as more of the same."(TEXT ONLY ORDER ECF No 26)); *State Farm Fire and Casualty Company v. Gree USA, Inc.***,** 2:17-cv-4931 (E.D.P.A), ECF Nos. 23, 24 (The court ordered Defendants to comply for refusal to set dates for depositions and noncompliance with written discovery); *Kemper Independence Insurance Company v. Gree USA Inc.*, 2:18CV00355 (E.D. WI), ECF Nos. 16, 17, 18 (frivolous, boilerplate objections, "plaintiff suspects that the lack of substantive responses is because Gree was not consulted regarding the preparation of the discovery answers."); *Allied Property and Casualty Insurance Company v. Gree USA, Inc.*, 4:18-cv-00275 (S.D. IA), ECF No. 26 (the court admonishing Gree for chos[ing] the "lazy person's approach" by stating numerous general objections to all discovery requests followed by additional boilerplate and unsupported objections to the specific requests[,]" before granting the motion to compel and inviting plaintiff's counsel to file a statement of fees and costs incurred in connection with its request for sanctions.); *Craig v. Gree Electric Appliances Inc of Zhuhai*, 2:18-cv-00755 (E.D. WI), ECF Nos. 34, 38 (failure to respond to *any* written discovery); *Id.* at ECF Nos. 42, 43 (Defendant had unexcused failure to appear at, or reset, properly noticed 30(b)(6) depositions); *Hoffman v Gree USA, Inc.*, 4:18-cv-04169, (D. SD), ECF Nos. 29, 31, 34, 56, 57 (progressive sanctions including prohibiting Gree from using unidentified witnesses at trial when it had refused to identify any in its initial disclosures); *USAA Casualty Insurance Company v. Gree USA, Inc.*, 1:17-cv-00940, (W.D. MI), ECF Nos. 35, 38, 41 (Defendants failed to provide *any* valid response to discovery, all objections stricken).

Plaintiff believes it would be appropriate to require Defendants, in ongoing and future litigation, to be required to provide Courts with a copy of any sanction order issued by the Court in this case, given the long-standing history of discovery abuses, which are highly relevant to docket management. The Court agrees that this is also an appropriate sanction.

Furthermore, given the willful nature of the violations, and lack of meritorious challenge to liability, Plaintiff believes that default would be warranted if unequivocal and complete responses are not made within a reasonable time after the Court issues its order resolving this motion. The Court will reserve judgment on that issue.

### *Defendants' Motion for a Protective Order*

Defendants are requesting entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

> In many cases involving the issuance of protective orders, the central question becomes whether "good cause" exists. To establish good cause, a party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Wilson,* 184 F.R.D. at 397, *quoting Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981). *See also* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483–86 (2d ed. 1994) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.")…."

*Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). In its supporting memorandum of law, Defendants identify one request to produce that would trigger application of a protective order. Request for Production # 2 seeks:

> Produce copies of any documents related to the development and design of the Subject Product, including all engineering drawings, parts

11

> drawings, product planning documents, testing documents, certification reports, safety testing, hazard analyses, all versions of any operator manuals, pilot run reports, GANTT charts, bill of materials (C-BOM and otherwise) and all other documentation related to the development, design and manufacture of the Subject Product.

(Defs.' Mem. of Law at 5, ECF No. 41-1.) Other than specifically referring to this request for production, Defendants have painted with a broad brush in their argument that a protective order is necessary, and rest on the assurance that the proposed protective order contains a process for contesting a designation of confidentiality. Plaintiff points out that "[n]ot only do Defendants no longer produce or sell the recalled dehumidifiers which are the subject of the discovery request they complain of, the Gree website, which appears to contain a robust listing of their products, contains no reference to *any dehumidifier whatsoever*." (Pl.'s Consolidated Reply at 8, ECF No. 42.)

The Court is not satisfied that Defendants have shown good cause for the issuance of a protective order.

## CONCLUSION

The Court hereby

**ORDERS** that Defendants' motion for a protective order is denied without prejudice; and further

**ORDERS** that any renewal of a motion for a protective order be made on or before November 23, 2022, and fully show good cause; and further

**ORDERS** that Plaintiff's motion for sanctions is granted and the following sanctions are imposed on Defendants:

1. Defendants shall pay all costs of Plaintiff's motion for sanctions, including reasonable attorney fees;

2. Defendants shall pay all costs incurred in the depositions where Defendants' witnesses did not attend;

3. Defendants are not permitted to withdraw the admissions deemed admitted by law;

4. Any failure to provide discovery may result in harsher sanctions, including the possibility of striking Defendants' answer and entering default judgment; and

5. Defendants are required to file a copy of this Decision and Order in any case in the Western District of New York in which they are a plaintiff or defendant.

The Court further ORDERS Defendants to respond to all outstanding discovery demands not later than December 9, 2022, or face the possibility of further sanctions including the possibility of having Defendants' answer stricken.

SO ORDERED.

DATED:        November 15, 2022
              Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge