UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRAVCO INSURANCE COMPANY,

                Plaintiff,

                                 DECISION & ORDER

      -vs-

                                 22-CV-6157-FPG-MJP

GREE U.S.A., INC. *et al.*,

                Defendants.
_____

**Pedersen, M.J.** Defendants sent the Court an Emergency Motion to Enforce Settlement at 11:55 a.m. on November 15, 2022 (ECF No. 52). Defendant's filing took place minutes before the Court's deadline to either settle the case, or have Plaintiff withdraw his motion, which were the conditions on which the Court would have abstained from filing a Decision and Order regarding Plaintiff's motion to compel and for sanctions (ECF No. 30). By their emergency motion, Defendants seek to enforce a settlement agreement Defendants' claim Plaintiff entered into via email. Plaintiff filed opposition papers through email on November 23, 2022 (with a copy to opposing counsel).[1] For the reasons stated below, the Court denies Defendant's emergency motion.[2]

---

[1] Because those papers, like the Emergency Motion, reveal settlement discussions, the Court will have them docketed under seal.

[2] On November 23, 2022, Defendants filed a motion for a protective order (ECF No. 55). The Court will address that order once Plaintiff has had an opportunity to respond to it. *See* Loc. R. Civ. P. 7(b)(2)(B).

- 1 -

## BACKGROUND

On November 9, 2022, Plaintiff's counsel made a demand for settlement to Defendants via email communication. (Emergency Mot, on file with Court, Ex A.) The correspondence is key to the issue at hand and as such is reproduced below. On November 9, 2022, at 11:36 AM, Plaintiff's counsel sent defense counsel the following:

> Brian,
>
> If you want to contact the Court, feel free. My response will be robust. Your threats are not well received.
>
> My client rejected your []³offer, as you know. You haven't made any new offers. The release language you requested is unacceptable. I am trying to find time to edit that document, but as you know am out of the office this week speaking at and attending a conference that I also brought my family to in order to try to spend time with them. At the same time, we want the Court's order, it is only you who is worried about that order. Stated plainly, you being afraid of an order that was of your clients' making is not a top priority for me. I want the order, I recject[sic] your cliens' [sic] and firm's improper practice of delaying, breaking rules, and disrespecting the system and then expecting to whine and cut a deal and demand the adverse respond at a moment's notice when you finally face the consequences of your actions. Where was this urgency a year ago? 6 months ago?
>
> Late yesterday I got approval to make a demand of [$] but to be clear we are not settling anything unless the settlement language is abundantly clear my client is not accepting ANY risk related to other exposure your clients have. We will NOT agree to any further Court delay, period. And since we will not have the money under any circumstances by Friday we will want the order regardless, it is not something you can work around. Your clients made the mess, accept the consequences.
>
> We also must have 60 day payment, you haven't indicated agreement on that front.
>
> Rich

---

³ The Court has redacted the amounts discussed.

(Emergency Mot. at 13–14.)[4] Defense counsel responded the same day at 6:05 PM stating:

> Rich,
>
> We have an agreement at [$]. I have attached a settlement agreement to be signed by your client. As you requested, there is no language as to indemnity, and payment is to be due within 60 days of the executed settlement agreement being returned to us.
>
> Best,
>
> Brian

(*Id.* at 13.) Defendants allege that these two emails constitute a settlement agreement.

> In his responding declaration, opposing counsel states:
>
> At the November 14th, 2022 the conference, both the Court and I made clear to Mr. Sears that if his clients agreed to the settlement agreement Plaintiff had provided on 11/10/22, then there would be a settlement. The Court even reiterated the point, asking me to confirm it was true, and then make sure that Mr. Sears understood. At the Court conference the Court again indicated it would delay entry of an order on pending motions until only noon the following day.

(Schuster Decl. ¶ 3, on file with the Court.)

## LEGAL STANDARD

The Honorable Frank P. Geraci, the district judge assigned to this case, referred it to the undersigned pursuant to 28 U.S.C. § 636 for "for all pretrial matters excluding dispositive motions." (Text Order, ECF No. 12.) Because the undersigned does not grant the emergency motion, this decision is not dispositve.

---

[4] Defendants did not number the pages cited; the Court is using the number assigned by the CM/ECF system when the document was filed.

The Court "has the power to enforce summarily, on motion, a settlement agreement reached in a case." *Mtgs & Exp'tns Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). Where the parties have reached a "preliminary agreement" to all the terms that were negotiated, even if the negotiations were oral or written in an email, the settlement is enforceable. *Est. of Brannon v. City of New York*, No. 14-CV-2849 (AJN)(SN), 2015 WL 13746664 (S.D.N.Y. Oct. 19, 2015). This is true even where the parties intend to memorialize the agreement in a written document. *Id. See also Teachers Ins. & Annuity Ass'n v. Tribune Co.*, 670 F. Supp. 491, 498 (S.D.N.Y. 1987).

When determining whether a contract exists, it is the objective intent of the parties that controls it, and the secret or subjective intent of the parties is irrelevant. *Klos v. Lotnicze*, 133 F.3d 164 (2d Cir. 1997). When deciding on this issue, there are four factors:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Kochan v. Cnty. of Cattaraugus Sheriff Deputy*, No. 1:17-cv-00452, 2020 WL 8812836 (W.D.N.Y. Mar. 10, 2020). No single factor is, on its own, decisive, "but each provides significant guidance." *Id.*, quoting *Ciaramella v. Reader's Dig. Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997). Courts in New York, both federal and state, have held that email exchanges constitute binding writings in the context of settlement negotiations. *Kochan*, 2020 WL 8812836; *see also Williamson v. Delsener*, 59 A.D.3d 291, 291 (N.Y. App. Div., 1st Dep't, 2009).

## ANALYSIS

In the case at hand, Plaintiff's email communication indicated there would be no settlement agreement unless language included as part of their demand was in the settlement release. Defendants provided Plaintiff's counsel with a settlement release which Defendant proports included all of their terms. (Emergency Mot at 15–22, ECF No. 52.) The Court disagrees with Defendants' assessment. As detailed above, Plaintiff's email states: "Late yesterday I got approval to make a demand of $[] *but to be clear we are not settling anything unless the settlement language is abundantly clear my client is not accepting ANY risk related to other exposure your clients have.*" (Emergency Mot at 14 (emphasis added).)

Defendants argue that by providing Plaintiff with a settlement agreement they have partially performed on the contract because Plaintiff's demand made by email communication was accepted, thus creating a contract, and Defense counsel performed by providing Plaintiff's counsel with the settlement release which included the language that was demanded. This analysis is undermined by Plaintiff's response. In that response Plaintiff altered the terms of the agreement, directly mirroring Plaintiff's email correspondence. (Emergency Mot. at 19–22.) Plaintiffs added to Premise D, and paragraphs 7 and 13. (*Id.*)

Defendants' version of Premise D states:

D. Nothing in this agreement is intended to or shall limit the rights or claims that Joseph and Lynn Eckl has against the Released Parties hereto.

(Emergency Mot. at 15.) Plaintiff added the following proposed language to Premise D:

> The Released Parties specifically warrant and promise they will make no arguments in any action brought by Joseph or Lynn Eckl, that this agreement in any way minimizes or extinguishes any right the Eckls have to pursue claims or damages against the Released Parties.

(Emergency Mot. at 19.)

Defendants' proposed settlement agreement at paragraph 7 states:

> 7. The Parties to this Agreement agree and understand that they shall bear their own costs, expenses and attorney's fees incurred in connection with the Incident.

(Emergency Mot. at 17.) Plaintiff added the following language to the proposed agreement:

> However, the Released Parties specifically agree they shall pay any amount in sanctions ordered by the Court pursuant to any pending motions.

(Emergency Mot. at 21.)

Defendants' paragraph 13 of the proposed settlement agreement states the following:

> 13. The Parties understand and agree that the failure of Defendants to make timely payment would constitute a breach of contract, the harm of which is difficult to estimate. As such, the Parties desire to provide a vehicle for enforcement of this agreement and to detail the nature of certain harms that will occur if timely payment is not received. The Parties agree that if payment is not timely made by the Defendants to this Agreement that the Plaintiffs shall be entitled to file a motion to enforce this Agreement in the Eckl Action, which shall not be dismissed until payment is received in full. The Parties agree that Plaintiff shall be entitled to all other damages and rights and remedies Plaintiff has under the law and in equity for a failure of the Defendants to timely make payment under this Agreement, which may include costs and reasonable attorneys' fees, at the discretion and judgment of the United States District Court, Western District of New York.

(Emergency Mot. at 18.) Plaintiff's response added this language to the end of that paragraph:

> The Released Parties agree and warrant that in the event they do not timely make payment and a motion to enforce is brought they shall not make any argument to the Court that any such motion is improper or that the Plaintiff is limited to filing a breach of contract action, but that the presiding Court may adjudicate that issue in full and may, in its discretion, award sanctions up to and including default judgment against all Defendants to the Eckl Action. The Released Parties further understand that if payment is not timely received, Plaintiff may immediately rescind this Settlement Agreement in full by simply sending an email advising of such rescission to Mr. Minkin. In that event, the Released Parties understand and agreement the Plaintiff may file a motion for sanctions with the Court to recover all costs and fees incurred by the Released Parties' failure to timely pay.

(Emergency Mot. at 22.) These additions mirror Plaintiff's email directly. Plaintiff stated in his email correspondence that "to be clear we are not settling anything unless the settlement language is abundantly clear my client is not accepting ANY risk related to other exposure your clients have." (Emergency Mot. at 14.)

Plaintiff's counsel has repeatedly expressed concern that Defendants have not proceeded in good faith, and with that in mind, expressed the need to have an absolutely clear understanding if there were to be any settlement between Plaintiff and Defendants. Plaintiff is also in a fiduciary role with respect to its beneficiaries and is endeavoring to protect their interests as well. As the correspondence between counsel and the edits to Defendants' proposed settlement agreement make clear, there was no meeting of the minds between the parties. Because of the distrust, the insistence on terms in the agreement that were not included in Defendants' draft, and the need for a writing to memorialize the agreement, the email correspondence does not constitute a settlement.

## CONCLUSION

The Court denies Defendants' Emergency motion to enforce a settlement order (ECF No. 52).

DATED:    November 24, 2022
               Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge